IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RICHARD E. LAMBERT, LTD., Plaintiff, | ) | |
| v. | ) | No. 04-1155C (Chief Judge Damich) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in

paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the change orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in

paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the requests for change orders and change orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the formal written change order cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Defendant's responses to paragraphs 1 through 9 of the complaint are incorporated by reference.

11. The allegations contained in paragraph 11 constitute legal conclusions, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contract and change orders cited in paragraphs 4 through 7, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute legal conclusions, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the

extent supported by the contract and change orders cited, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the change orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the change order requests cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. The allegation contained in paragraph 15 that plaintiff completed the renovations pursuant to the terms of the contract constitutes a legal conclusion, to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. The allegation contained in paragraph 15 that defendant accepted the work is denied. Defendant avers that it accepted that the renovations were substantially completed on or about May 22, 2003.

16. Admits the allegations contained in paragraph 16 to the extent supported by the payment applications cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegation contained in paragraph 17 that defendant has paid plaintiff $129,466. Denies that plaintiff is owed any additional payments.

18. The allegations contained in the first sentence of paragraph 18 constitute legal conclusions, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 18.

19. Admits the allegation contained in the first sentence of paragraph 19 that defendant refuses to pay plaintiff $147,996.37; the remaining allegations contained in the first sentence of paragraph 19 constitute legal conclusions, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 19 to the extent supported by the Final Decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 19.

20. Denies.

21. The allegations contained in paragraph 21 constitute legal conclusions and plaintiff's characterization of the case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 22, or to any relief whatsoever.

23. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 307-5958
Fax: (202) 514-7965

Attorneys for Defendant

OF COUNSEL:
KENNETH B. MACKENZIE
Attorney
Department of Veterans Affairs
810 Vermont Avenue, NW
Room 1030
Washington, DC 204020

September 13, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this ____ day of January 2003, I caused to be placed in the United States mail (first class mail, postage prepaid) copies of "DEFENDANT'S ANSWER" addressed as follows:

Charles Sommo, III
Schlesinger and Schlesinger
11 Beacon Street, Suite 632
Boston, MA 02108

______________________________