Guy W. Bluff, Esq. #010778
BLUFF & ASSOCIATES, P.C.
844 North 4th Avenue
Phoenix, Arizona 85003-1314
Tel: 602-452-2000
Fax: 602-452-2010
Bluff@GuyWBluff.Com
Attorneys for Plaintiff

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RICHARD E. LAMBERT, LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | Case No. 04-1155 C<br><br>**JOINT PRELIMINARY STATUS REPORT** |

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC") and the Court's August 12, 2004 Order, the parties, through counsel, hereby submit their initial Joint Preliminary Status Report.

## I. PRELIMINARY ISSUES

### A. Jurisdiction

Plaintiff believes that this Court has jurisdiction over the action. Jurisdiction is conferred on this court by 28 U.S.C. § 1491(a)(1) and (2), as well as 41 U.S.C. §

609(a)(1). This claim is based on an express written Contract with the United States of America Department of Veterans Affairs.

Defendant is currently unaware of any impediment to the Court's jurisdiction.

### B. Consolidation

At this time, the parties do not believe that consolidation is appropriate. To the best of counsels' knowledge, there are no other related actions pending before this Court or any other tribunal.

### C. Bifurcation

Currently, it does not appear that bifurcating the issues of liability and damages will be necessary. As this is a dispute over a construction contract, there seems little reason to request separate trials on liability and damages.

### D. Deferral

There are no alternative or concurrent proceedings being brought by these parties before any other tribunal. It appears that all other disputes regarding this contract and project have already been resolved. Therefore, there is no need for deferring these proceedings.

### E. Remand or Suspension

The parties are not seeking a remand or suspension, nor do they anticipate doing so.

### F. Joinder of Parties

At this time, the parties do not foresee the necessity of joining additional parties. However, if further discovery reveals the identity of an indispensable party, Plaintiff reserves the right to seek joinder of these parties, consistent with the Rules, and will supplement this JPSR accordingly.

### G. Dispositive Motions

The parties do not foresee the necessity of filing any motions under RCFC Rules 12(b), 12(c) or 56 at this time or prior to the completion of discovery. However, Defendant believes that after the conclusion of discovery, cross motions for summary judgment may become a viable means of resolving this dispute.

### H. Relevant Factual and Legal Issues

Whether, pursuant to the terms of the contract, plaintiff is entitled to $147,996.37 for change orders issued by the Department of Veterans' Affairs ("VA") during the execution of plaintiff's contract to renovate a portion of the Southern Arizona VA hospital.

### I. Settlement and Alternative Dispute Resolution

At this time, Plaintiff is open to settlement discussions, including the referral of this matter to a CFC Settlement Judge for a settlement conference, consistent with ¶ 6(d)(i)(1) of the Court's August 12, 2004 Order. There exists sufficient documentation to evaluate Plaintiff's claims, before an extensive amount of discovery is conducted.

While the Government is willing to discuss settlement of this matter in good faith, Defendant believes that the time is not ripe for ADR at this stage of the

proceedings. The Government requires discovery to ascertain all of the pertinent facts.

### J. Request for Expedited Trial

Given the preliminary status of the development of this case, Plaintiff does not believe that an expedited trial setting is appropriate. Defendant does not request an expedited trial.

Any joinder of additional parties should be completed by December 30, 2004.

### K. Issues Surrounding Electronic Case Management

Currently, Plaintiff has not experienced any technical difficulties with the Electronic Case Management system. Defendant cannot identify any issue surrounding the Electronic Case Management system.

### L. Other Relevant Information

Plaintiff does not have any other issues to bring before the Court at this time. Should such an issue arise, this JPSR will be amended accordingly. Defendant is not aware of any other relevant information that should be presented at this time.

## II. JOINT PROPOSED SCHEDULING PLAN

The parties agree upon the following schedule:

(1) Expert reports, if necessary, shall be exchanged by July 1, 2005.

(2) Fact discovery shall be completed by August 1, 2005.

(3) Expert deposition shall be conducted by September 1, 2005

(4) The parties propose that a status conference take place in September, 2005.

## III. REPRESENTATIONS OF COUNSEL

The parties have held their meeting of counsel and discussed settlement. The parties have not exchanged the lists and disclosures set forth in RCFC 26(a)(1). The parties will exchange all required information within thirty (30) days of filing this report.

The plaintiff estimates that this case will consume 150 hours through the end of discovery. The defendant believes that this case will consume 200 hours of time through the end of discovery. Defendant is unable to estimate the costs to the Government of defending this action. The parties represent that they have provided these estimates to the client and agency.

The parties propose the following dates for the preliminary status conference: January 3rd and 4th, 2005.

DATED this 17th day of December 2004.

Respectfully submitted,

For Plaintiff:

s/Guy W. Bluff
GUY W. BLUFF, Esq. #010778.
844 North 4th Avenue
Phoenix, Arizona 85003-1314
Tel: 602-452-2000
Fax: 602-452-2010

Attorneys for Plaintiff

For Defendant:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St. NW
Attn: 8th Floor Classification Unit
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 305-2118

Attorneys for Defendant