IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RICHARD E. LAMBERT, LTD., Plaintiff, | ) |
| v. | ) No. 04-1155C (Chief Judge Damich) |
| THE UNITED STATES, Defendant. | ) |

JOINT MOTION TO STAY PROCEEDINGS

Plaintiff, Richard E. Lambert, Ltd. ("REL"), and defendant, the United States, respectfully request that the Court stay proceedings in this case for a period of 90 days,[1] to and including November 30, 2006. This is the first request for a stay of this case.

On March 1, 2006, defendant filed an unopposed motion to enlarge the discovery period until September 1, 2006. On March 15, 2006, the parties filed a joint status report informing the Court that they had begun settlement discussions. On March 21, 2006, the Court granted the motion for extension of time to complete discovery.

On April 28, 2006, former counsel for defendant, Paul Wellons, left the Department of Justice, and current counsel was assigned to this case. Since that time, the parties have engaged in the following activities: between April 28, 2006 and May 10, 2006, counsel for defendant familiarized herself with the case and established contact with counsel for the Department of

[1] The 90 days is calculated from September 1, 2006, the date on which discovery currently is scheduled to close.

Veterans Affairs ("VA"); on May 10, 2006, counsel for defendant contacted plaintiffs' counsel and the parties resumed settlement discussions and negotiations regarding outstanding discovery matters; on June 22, 2006, plaintiff responded to Defendant's First Set of Interrogatories and Requests for Production; on July 11, 2006, counsel for defendant contacted plaintiff's counsel to arrange a date for the inspection of plaintiff's documents; on August 3, 2006, counsel for defendant indicated her intent to depose three REL employees and conduct a deposition of REL pursuant to Rule 30(b)(6), and requested that plaintiff's counsel propose dates and locations for those depositions; on August 8, 2006, counsel for defendant traveled to Phoenix, Arizona to inspect plaintiff's documents pursuant to Rule 33(d); on August 14, 2006, counsel for defendant noticed three depositions of REL employees to take place between August 25 and 30, 2006, and proposed the date of August 31, 2006 for a Rule 30(b)(6) deposition. In addition, the parties have engaged in continued settlement discussions throughout the summer.

On August 22, 2006, it became apparent that the previously described depositions could not take place. Counsel for plaintiff indicated that he is unavailable on each of the noticed dates. Additionally, the Phoenix, Arizona printing company hired to copy the documents inspected on August 8, 2006 notified defendant's counsel that those documents would not arrive in Washington, D.C. until the week of August 28, 2006. Counsel for

defendant is unable to effectively prepare for depositions without that information.

Counsel for both parties spoke via telephone on August 22, 2006, and determined that, given the parties' ongoing desire to resolve this matter through settlement, it would be more efficient and cost-effective for the parties to engage in informal discovery, while continuing their settlement discussions. The parties already have agreed that, during the requested stay, at least three informal exchanges of information will take place. Counsel for both parties hope that these exchanges will provide the information necessary to discuss concrete settlement terms. Further, the parties are working to schedule a settlement discussion meeting between all counsel, the plaintiff, and VA representatives. In sum, the parties express optimism that at least a portion of plaintiff's complaint can be resolved without the further involvement of the Court.

The parties further propose that they submit a joint status report no later than November 15, 2006, informing the Court of their progress. If, at that time, the parties have been unable to reach mutually acceptable settlement terms, the parties jointly request a short extension of the discovery period to engage in limited discovery, including the depositions noticed for, but unable to be conducted, this month.

For the foregoing reasons, plaintiff and defendant respectfully request that the Court stay proceedings in this case for a period of 90 days, to and including November 30, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
by Bryant G. Snee
DONALD E. KINNER
Assistant Director

s/Guy W. Bluff
by Bianca Lederer
GUY W. BLUFF
Bluff and Associates, P.C.
844 North 4th Avenue
Phoenix, AZ 85003
Tel: (602) 452-2000
Fax: (602) 452-2010

Attorney for Plaintiff

s/Allison Kidd-Miller
ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 305-3020
Fax: (202) 307-0972

Attorneys for Defendant

August 29, 2006

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2006, a copy of the foregoing “JOINT MOTION TO STAY PROCEEDINGS” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Allison Kidd-Miller